

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-8-2004

# Ramada Franchise Sys v. Patel

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3494

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Ramada Franchise Sys v. Patel" (2004). *2004 Decisions*. Paper 606.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/606

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>NOT PRECEDENTIAL</u>

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

————

NO. 03-3494

————

RAMADA FRANCHISE SYSTEMS, INC., a Delaware Corporation

v.

JAGDISH PATEL, an individual; RITA PATEL, an individual,
                                        Appellants

————

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 02-CV-597)
District Judge:  Hon. John C. Lifland

————

Submitted Under Third Circuit LAR 34.1(a)
May 28, 2004

Before:  SCIRICA, FISHER, and ALARCÓN[*], <u>Circuit Judges</u>

(Filed: June 8, 2004)

————

<u>OPINION OF THE COURT</u>

ALARCÓN, <u>Circuit Judge</u>.

Jagdish Patel and Rita Patel ("the Patels") appeal from the order striking their

answer and entering default judgment against them because of their failure to comply

————

[*]    Hon. Arthur L. Alarcón, Senior Judge, United States Court of Appeals for the
Ninth Circuit, sitting by designation.

with the court's discovery orders. They seek reversal on five grounds:

One. The district court lacked subject-matter jurisdiction over this diversity action.

Two. The district court abused its discretion in sanctioning the Patels because Ramada failed to provide reciprocal discovery.

Three. The district court abused its discretion in attributing the Patels' willful failure to abide by its discovery orders solely to the Patels themselves.

Four. The district court denied the Patels their First Amendment right to have access to the courts by ordering their out-of-state attorney to associate local counsel because he was not a member of the bar of the United States District Court for the District of New Jersey.

Five. The order barring the Patels from their choice of counsel was void pursuant to 28 U.S.C. § 636(c) because they did not voluntarily consent to the issuance of a dispositive order by a magistrate judge.

We affirm because we conclude that each of these contentions lacks merit.

**I**

Because the parties are familiar with the factual and procedural background of this case, we summarize only those facts that are pertinent to our disposition of this appeal.

On February 8, 2002, Ramada Franchise Systems, Inc. ("Ramada") filed a complaint against the Patels for breach of a motel-franchise agreement the two parties had entered into on May 19, 1999. The Patels filed a pro se answer on May 17, 2002. The

2

parties entered into a joint discovery plan dated May 15, 2002 in which they agreed to exchange their initial disclosures pursuant to Rule 26 of the Federal Rules of Civil Procedure by May 31, 2002.

Ramada served its initial disclosures by May 31, 2002. The Patels did not do so. Ramada unsuccessfully attempted to contact the Patels' California counsel, Frank A. Weiser, to discuss production of the Patels' initial disclosures. On July 2, 2002, Ramada sent a letter to Mr. Weiser, informing him that the Patels' initial disclosures had yet to be produced, and that Ramada would seek the assistance of the court if the Patels did not serve their initial disclosures by July 9, 2002. Because the Patels did not transmit the initial disclosures by July 9, 2002, Ramada sent a letter to the court asking that the matter be addressed at the July 16, 2002 status conference.

Mr. Weiser participated in the July 16, 2002 status conference by means of a telephone conference call. Magistrate Judge Stanley R. Chesler continued the status conference until August 6, 2002, after Mr. Weiser alleged that his medical condition prevented him from responding to Ramada's discovery request.

At the August 6, 2002, status conference, Judge Chesler advised Mr. Weiser that he could no longer appear before the court on the Patels' behalf because he was not admitted to practice before the court and had not retained local counsel. The court also entered a pretrial scheduling order requiring the Patels to serve their Rule 26 initial disclosures by August 20, 2002, and that all discovery be completed by October 15, 2002.

The Patels failed to serve their Rule 26 initial disclosures by August 20, 2002, or respond to Ramada's discovery requests.

Ramada requested leave to file a motion to strike the answer and for default judgment on August 26, 2002. Judge Chesler granted this request on September 3, 2002. Judge Chesler entered an amended pretrial scheduling order on November 4, 2002, extending the discovery window to January 15, 2003. Ramada filed its motion to strike the answer and for default judgment on December 3, 2002. The Patels did not file a response to the motion. On February 5, 2003, Magistrate Judge Mark Falk sent the Patels a letter in which he stated that they were being provided "one more opportunity to respond" to the motion to strike their answer and for the entry of a default by February 20, 2003. Although the Patels signed the return receipt for the court's letter, they failed to submit a response.

On April 23, 2003, Judge Falk filed his report and recommendation. He recommended that Ramada's motion should be granted. District Court Judge John C. Lifland adopted the recommendation and issued an order on July 18, 2003 striking the answer, and entered judgment in favor of Ramada awarding it $186,941.46 plus prejudgment interest of $15,726.36. The Patels have timely appealed from that order.

## II

### A.

The Patels contend that the court lacked subject-matter jurisdiction to enter the

default judgment because it failed to make a finding that the parties were diverse and that the amount in controversy exceeded $75,000. No authority was cited to support this contention. It is frivolous.

The complaint alleges in paragraph 1 that Ramada is a Delaware corporation which has its principal place of business in New Jersey. It also alleges in paragraphs 2 and 3 that the Patels are each residents of California. The amount in controversy is alleged to exceed $75,000. In their answer, the Patels admit the facts set forth in paragraphs 1, 2, and 3. In a facial attack on subject-matter jurisdiction, the factual allegations in a complaint are accepted as true. See Turicentro, S.A. v. Am. Airlines Inc., 303 F.3d 293, 300 n.4 (3rd Cir. 2002) (factual findings and an evidentiary hearing are not required where no factual challenge is raised regarding the court's jurisdiction). We note also that the Patels concede in their opening brief that the amount in controversy exceeded that jurisdictional amount. The district court had subject-matter jurisdiction to enter a default judgment in this matter.

## B.

The Patels assert the district court abused its discretion in sanctioning them for failure to comply with the disclosure orders. This court reviews a district court's decision regarding a discovery sanction for abuse of discretion. Quinn v. Consol. Freightways Corp., 283 F.3d 572, 576 (3d Cir. 2002).

Pursuant to Rule 37(a)(2)(A) of the Federal Rules of Civil Procedure, "[i]f a party

5

fails to make a disclosure required by Rule 26(a),[1] any other party may move to compel

disclosure and for appropriate sanctions." Fed. R. Civ. P. 37(a)(2)(A). Entry of a default

judgment is an available sanction for failure to comply with a court's discovery order.

Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 919 (3d Cir. 1992).

In determining whether to enter a default judgment against a party that fails to

comply with a discovery order, a court must consider:

> (1) the extent of the party's personal responsibility; (2) the
> prejudice to the adversary caused by the failure to meet
> scheduling orders and respond to discovery; (3) a history of
> dilatoriness; (4) whether the conduct of the party of the
> attorney was willful or in bad faith; (5) the effectiveness of
> sanctions other than dismissal, which entails an analysis of
> alternative sanctions; and (6) the meritoriousness of the claim
> or defense.

Id. at 919 (quoting Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir.

---

[1] Rule 26(a) provides in pertinent part:
 (a) Required Disclosures; Methods to Discover Additional Matter.
   (1) Initial Disclosures. Except in categories of proceedings specified
in Rule 26(a)(1)(E), or to the extent otherwise stipulated or directed by
order, a party must, without awaiting a discovery request, provide to other
parties:
     (A) the name and, if known, the address and telephone
   number of each individual likely to have discoverable
   information that the disclosing party may use to support its
   claims or defenses, unless solely for impeachment, identifying
   the subjects of the information;
     (B) a copy of, or a description by category and location
   of, all documents, data compilations, and tangible things that
   are in the possession, custody, or control of the party and that
   the disclosing party may use to support its claims or defenses,
   unless solely for impeachment . . . .

1984)).  It is not necessary, however, that all the <u>Poulis</u> factors have to be met in order to uphold a sanction of default judgment.  <u>Id.</u>; <u>Mindek v. Rigatti</u>, 964 F.2d 1369, 1373 (3d Cir 1992).

The Patels argue that the sanction imposed by the court was improper because Ramada did not comply with its reciprocal discovery obligations under Rule 26(a).  The Patels did not cite any authority in support of this contention, nor did they demonstrate that Ramada's disclosures were deficient.  Furthermore, the Patels' argument is contrary to Rule 26's express mandate that "[a] party . . . is not excused from making its discovery disclosures . . . because it challenges the sufficiency of another party's disclosures or because another party has not made its disclosures."  Fed. R. Civ. P. 26(a)(1).  Accordingly, the Patels' allegation that Ramada's Rule 26(a) disclosures were insufficient does not excuse their failure to comply with the court's discovery order.

## C.

The Patels also argue that the district court misapplied the first <u>Poulis</u> factor, i.e., the extent of the party's personal responsibility.  The Patels cite <u>Community Dental Services v. Tani</u>, 282 F.3d 1164 (9th Cir. 2002), in support of this proposition.  In <u>Tani</u>, the court held "that where the client has demonstrated gross negligence on the part of his counsel, a default judgment against the client may be set aside pursuant to Rule 60(b)(6)."  <u>Id.</u> at 1169.  The Patels' reliance on <u>Tani</u> is misplaced.  In this matter, the Patels appeared pro se throughout the proceedings.  The district court did not abuse its discretion in

7

attributing the Patels' willful failure to abide by its discovery orders solely to the Patels themselves.

## D.

The Patels next contend that the district court deprived them of their rights under the First Amendment by not allowing them to be represented by Mr. Weiser. This contention is also meritless.

The Patels filed a pro se answer in this matter. They appeared pro se throughout these proceedings. At no time did Mr. Weiser make a motion to represent the Patels pro hac vice, nor did he or the Patel's challenge the constitutionality of the district court's local rules. Thus, the question whether the requirement in New Jersey Local Civil Rule 101.1(c)(1) that attorneys who appear pro hac vice must "assign local counsel for purposes of receiving and serving court filings, and comply with the court's disciplinary rules" is not properly before us.

## E.

Finally, the Patels contend that the order barring them from their choice of counsel was void pursuant to 28 U.S.C. § 636(c) because they did not voluntarily consent to the issuance of a dispositive order by a magistrate judge. As discussed above, the Patels appeared pro se throughout these proceedings and never moved to have Mr. Weiser represent them pro hac vice. Accordingly, the magistrate judge did not enter an order, dispositive or otherwise, barring the Patels from their choice of counsel. To the extent

8

that the magistrate judge instructed the Patels to comply with the local rules regarding the procedure for pro hac vice admission, we find no error.  See Baylson v. Disciplinary Bd. of Sup. Ct., 975 F.2d 102, 107 (3d Cir. 1992) (stating that a district court may enforce local rules regulating the conduct of attorneys practicing before them).

Therefore, for the reasons set forth above, we AFFIRM the order entering a default judgment against the Patels.